PER CURIAM.
Miller was charged by information with larceny of a cow after he and a companion were stopped while driving a truck containing two cows on September 20, 1975. He was tried, found guilty as charged, and placed on five years probation with the condition he serve six months in jail.
We have examined the points appellant raises on this appeal and found them to be without merit. However, we must vacate the judgment and sentence since at the time appellant committed the offense, larceny of a cow was not a specific crime although appellant’s conduct did fall within the general larceny statute.
From the wording of the information it appears that appellant was charged under Section 812.021(2)(f), Florida Statutes (1975). However, the new Florida Criminal Code did not go into effect until October 1, 1975.[1] At the time of the offense, the larceny statute provided for the crimes of grand larceny (involving the theft of property of the value of $100 or more) and petit larceny (involving property valued at less than $100).[2] There was no special provision dealing with the theft of livestock.[3] There was sufficient evidence to show that appellant was guilty of a larceny but there was no testimony as to the value of the cows. Petit larceny is thus the greatest offense which the evidence supported.
Therefore, we vacate the judgment and sentence and direct the lower court to enter a judgment of petit larceny. Appellant should be resentenced accordingly.
McNULTY, C. J., and HOBSON and SCHEB, JJ., concur.

. Ch. 75-24, Laws of Florida.

. Section 811.021, Fla.Stat. (1973).

. Section 811.11, Fla.Stat. (1971) provided that horse and cattle theft, like grand larceny, was third degree felony. The statute was repealed by Ch. 72-252, Laws of Florida, and larceny of livestock was not a specific offense until the adoption of the new criminal code.